**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**JONATHAN WILLIAMS,**

**Plaintiff,**

**v.** **CASE NO. 1:06-cv-00129-MP-AK**

**ALACHUA COUNTY, et al,**

**Defendants.**

**____________________________/**

**O R D E R**

The Court has previously recommended that this cause be dismissed for failure to keep the Court apprised of Plaintiff's current address. (Doc. 6). These recommendations were also returned as undeliverable. (Doc. 7). However, the Court has come upon another case of Plaintiff's, which shows an address at Apalachee Correctional Institution. (Case No. 1:06cv123). Thus, the Court will herein direct the Clerk to update the present case with this new address and will vacate the previous recommendation that this cause be dismissed. However, Plaintiff is warned that he must update all of his cases with his current address as soon as possible.

Thus, the Court has reviewed the complaint and it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he has been denied access to the law library at Alachua County Jail. He admits that he did not file a grievance on this issue and further

references that he was unable to return a Notice of Appearance of Counsel form indicating that he was represented in the matter for which he claims he was denied law library time.

The First Amendment prohibits prison officials from interfering with a prisoner's right of access to the court. Johnson v. Avery, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969) (in context of habeas petitions); Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (extending right to civil rights suits). The right of access must be "adequate, effective and meaningful," which requires prisons to assist inmates in the preparation and filing of legal papers by providing adequate law libraries or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 822, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). This right is limited to challenges to the length or conditions of confinement, however. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Further, in order to state a claim for denial of access to the courts, a plaintiff must plead and prove prejudice or an "actual injury" stemming from the alleged interference. *Id.*, p. 351.

There is no actual injury within the meaning of Lewis when a pre-trial detainee is represented by counsel. Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998).

Further, section 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory, and may not be waived. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The Report and Recommendation (doc. 15) is hereby **VACATED.**

2. The clerk of court shall note on the docket that Plaintiff's new address is: Apalachee Correctional Institution, 35 Apalachee Drive, Sneads, Florida 32460. The clerk of court shall also forward to Plaintiff another Section 1983 form.

3. Plaintiff must respond to this order by **November 16, 2006.**

4. **Failure of Plaintiff to respond to this order or submit the requested information or to keep the Court advised of his current address will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this **17th** day of October, 2006.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**